IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-312

| | |
|---|---|
| EUGENE ALLEN BRADLEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BAXTER HEALTHCARE )<br>CORPORATION and PHARMACIA & )<br>UPJOHN COMPANY, LLC., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court *sua sponte* to ascertain subject matter jurisdiction. The Defendant Pharmacia & Upjohn Company, LLC is alleged by the Plaintiff in the Plaintiff's Complaint (#1) to be a limited liability company organized and duly incorporated in a state other than the state of North Carolina and is and was a limited liability company formed in the state of Delaware (#1, ¶¶ 3a and b).

Courts have an affirmative duty to question subject matter jurisdiction even when the parties have not done so. Interstate Petroleum Corp. v. Morgan, 249 F.3d 215 (4th Cir. 2001); Plyer v. Moore, 129 F.3d 728, 732 n.6 (4th Cir. 1997), *certiorari denied* 524 U.S. 945, 118 S.Ct. 2359, 141 L.Ed.2d 727 (1998); 28

1

U.S.C. §1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). A limited liability company is a citizen of all states in which its constituent members are citizens. Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).

**ORDER**

**IT IS, THEREFORE, ORDERED** that on or before April 1, 2013, the Defendant Pharmacia & Upjohn Company, L.L.C. shall file a response disclosing the names and citizenships, if any, of all the constituent members or partners of the above referenced LLC and for any such constituent members or partner that are limited liability companys or partnerships to identify the citizenships of the respective constituent members or partners until all such constituents are fully identified.

Signed: March 14, 2013

Dennis L. Howell
United States Magistrate Judge